**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JET GLOBAL, INC.,
a Florida Corporation,

        Plaintiff/Counterclaim Defendant,

and                                         Case No. 3:04-cv-719-J-25MMH

JET EVOLUTION, INC.

           Counterclaim Defendant,

v.

ANTHONY RYAN,

           Defendant/Counterclaim Plaintiff.

_____/

## REPORT AND RECOMMENDATION[1]

    **THIS CAUSE** is before the Court on Counterclaim Defendant Jet Evolution, Inc.'s

Motion for Disqualification of Rogers Towers, P.A. (With Incorporated Memorandum of Law)

(Doc. No. 89; Motion) filed on November 3, 2005.  Defendant/Counterclaim Plaintiff Anthony

Ryan ("Ryan") opposes the Motion.  See Memorandum of Law in Opposition to Jet Evolution

Inc.'s Motion for Disqualification of Rogers Towers, P.A. and Supporting Affidavit (Doc. No.

91; Response).  The Motion is now ripe for review.

_____

      [1]      Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule
6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within ten (10)
days after service of this document.  Failure to file timely objections shall bar the party from a de novo
determination by a district judge and from attacking factual findings on appeal.

## I.    Background

This case arises out of an employment contract dispute between Jet Global, Inc. ("Jet Global") and Ryan.  See Complaint (Doc. No. 1).  Jet Global filed the Complaint on August 23, 2004 seeking a declaratory judgment and damages from Ryan and alleging that Ryan breached his fiduciary duty to Jet Global, misappropriated trade secrets, committed civil theft and breached his employment agreement.  See Complaint.  On February 10, 2005, Ryan filed his Answer as well as a counterclaim against Jet Global for alleged unpaid commissions.  See Defendant's Answer to Plaintiff's Amended Complaint and Counterclaim (Doc. No. 20).  On September 8, 2005, Ryan was granted leave to add Jet Evolution, Inc. ("Jet Evolution") as an additional Counterclaim Defendant.  See Order (Doc. No. 63). Accordingly, on September 26, 2005, Ryan filed an additional counterclaim alleging that Jet Evolution is a mere continuation of Jet Global; and therefore, liable to him in the same capacity as Jet Global.  See Defendant/Counterclaim Plaintiff Anthony Ryan's Additional Counterclaim Against Jet Evolution, Inc. (Doc. No. 67).   Justin Jenkins is the sole shareholder and officer of Jet Evolution which is currently represented in this action by the law firm of Halsema & Associates, P.A.  See Motion Exh. C.  Ryan is represented by the law firm of Rogers Towers, P.A. ("Rogers Towers") which also currently represents Laurie Jenkins in a divorce proceeding against her husband, Justin Jenkins.  See id. at 1-2.

In the Motion, Jet Evolution argues that Rogers Towers should be disqualified as counsel in this case because its representation of Laurie Jenkins in the divorce proceeding creates a conflict of interest in violation of the Rules Regulating the Florida Bar ("Florida Rule(s)").  See Motion at 4.  Further, Jet Evolution requests that Rogers Towers be "barred

from advising substitute counsel upon any matter relative to this case." See id. at 8.  In support of the Motion, Jet Evolution argues that Rogers Towers now has "access to privileged communications between the husband and wife (Justin and Laurie) related to the facts of this case, the work product of [Jet Evolution's] counsel and the trial strategy of all the parties involved." Id. at 3.  Jet Evolution is also concerned that a conflict of interest exists because "any success in the claims brought by Ryan in this case would reduce the marital estate and potential financial opportunities of Laurie [Jenkins]."  Id.

In response, Rogers Towers contends that Jet Evolution lacks standing to bring the Motion because Rogers Towers has never represented either Jet Evolution or Justin Jenkins.  See Response at 7.  Further, although Rogers Towers suggests that the Court should deny the Motion because no conflict of interest exists, see Response at 2, it also argues that it has obtained fully informed conflict waivers from both Ryan and Laurie Jenkins. See id. at 3.  In addition, Rogers Towers indicates that the attorneys assigned to the two cases, René Fix, Sarah Crass, and Whitney Harper for Ryan and Sandra Mathis for Laurie Jenkins, have not and will not discuss the facts of their respective cases with each other. See id.  Finally, Rogers Towers contends that the Motion was filed merely to harass Ryan and should be denied.  See id.  In support of this last contention, Rogers Towers notes that if a true conflict existed Jet Evolution should have sought to disqualify Rogers Towers from representing Laurie Jenkins in her recently filed divorce case rather than the instant case where attorney's have spent well over a year of their time and Ryan's resources.  See id. at 3-4.

## II.     Applicable Law

The "[d]isqualification of a party's chosen counsel is an extraordinary remedy that should be resorted to only sparingly." <u>Hilton v. Barnett Banks, Inc.</u>, No. 94-1036-CIV-T24(A), 1994 WL 776971 (M.D.Fla. Dec. 30, 1994); <u>see</u> <u>Prudential Ins. Co. of Am. v. Anodyne, Inc.</u> 365 F.Supp.2d 1232, 1237 (S.D.Fla. 2005) (discussing the costs associated with disqualifying counsel).  Nonetheless, "[a] court 'must take care to preserve the delicate balance between a party's right to retain the counsel of his choice and the need to ensure adherence to the highest ethical standards for professional responsibility.'" <u>General Cigar Holdings, Inc. v. Altadis, S.A.</u>, 144 F.Supp.2d 1334, 1337 (S.D.Fla. 2001) (quoting <u>Fisons Corp. v. Atochem North America, Inc.</u>, No. 90 Civ. 1080 (JMC), 1990 WL 180551 at *2 (S.D.N.Y. Nov. 14, 1990)).

The professional conduct of all attorneys admitted to practice before this Court is governed by the Rules Regulating the Florida Bar.  <u>See</u> Local Rule 2.04(d).  In making its request to disqualify Rogers Towers, Jet Evolution directs the Court to Florida Rules 4-1.6, 4-1.7(a), 4-1.9(a) and 4-1.10.  <u>See</u> Motion at 4.  Florida Rule 4-1.6 deals with the disclosure by an attorney of confidential information related to his or her representation of a client.  Jet Evolution does not suggest that Rogers Towers has revealed confidential information belonging to either Ryan or Laurie Jenkins.  Thus, this rule does not appear to be applicable

-4-

to the resolution of the instant Motion.[2]   Further, Florida Rule 4-1.9 governs the circumstances in which an attorney can represent a client whose interests are adverse to those of the attorney's former client as well as the use of information relating to the former client.  See Florida Rule 4-1.9.  The Motion before the Court does not raise issues relating to any former client of Rogers Towers.  Instead, the conflict at issue is alleged to exist between Ryan and Laurie Jenkins, two of Rogers Towers current clients.  See Motion at 3-4.  Accordingly, the Court finds Jet Evolution's reliance on Florida Rules 4-1.6 and 4-1.9 to be misplaced.

On the other hand, Florida Rules 4-1.7(a) and 4-4.10 do appear to apply to the facts of this case.  Florida Rule 4-1.7(a) provides:

> A lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client, unless:
>
> (1)   the lawyer reasonably believes the representation will not adversely affect the lawyer's responsibilities to and relationship with the other client; and
>
> (2)   each client consents after consultation.

Florida Rule 4-1.7(a).  Further, Florida Rule 4-1.10 states, in part, that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any [one] of them practicing alone would be prohibited from doing so by rule 4-1.7 . . . ."  Florida Rule 4-

---

[2]      The Court recognizes that Jet Evolution contends that Rogers Towers may obtain confidential information belonging to Jet Evolution which was shared with Laurie Jenkins by Justin Jenkins.  See Motion at 3.  However, as neither Jet Evolution nor Justin Jenkins has ever been represented by Rogers Towers, Florida Rule 4-1.6 would not apply.  This Court declines to accept Jet Evolution's suggestion that the marital privilege extends the definition of "client" to encompass a distinct corporate entity simply because the client's spouse, who has never been represented by the law firm and had no direct communication with the law firm, is a principal of that entity.  Such a construction would be particularly inappropriate in an action such as this where the spouse of the client is, in fact, the adverse party in the representation of the client by the law firm.

1.10(a); see also Sears, Roebuck & Co. v. Stansbury, 374 So.2d 1051, 1053 (Fla. App. 5th Dist. 1979) (stating "the presumed access of a partner to confidential information imputes knowledge of that information to others in his firm").  The two underlying purposes behind Florida Rule 4-1.7 are "to protect confidences that a client may have shared with his attorney, and to safeguard loyalty as a feature of the attorney-client relationship." Prudential Ins., 365 F.Supp.2d at 1237.  Thus, the Comment to Florida Rule 4-1.7 states that "[s]ubdivision (a) applies only when the representation of one client would be directly adverse to the other and where the lawyer's responsibilities of loyalty and confidentiality of the other client might be compromised."  In addition, an attorney may be disqualified pursuant to Florida Rule 4-1.7 to avoid the "appearance of impropriety." See Morse v. Clark, 890 So.2d 496, 498 n.1 (Fla. App. 5th Dist. 2004).

The burden of proving the existence of a conflict of interest requiring disqualification rests on the moving party. See General Cigar, 144 F.Supp.2d at 1337; see also Smalley Trans. Co. v. Prime Computer, Inc., 137 F.R.D. 397, 198 (M.D.Fla. 1991).  However, once the moving party proves an adverse interest exists, the burden shifts to the attorney or law firm seeking to represent the adverse interests to establish that full disclosure has been made and that the clients have consented. See General Cigar, 144 F.Supp.2d at 1338. Thus, the Court must first determine whether the interests of Ryan and Laurie Jenkins are directly adverse to each other; if they are directly adverse, the Court then must determine whether Rogers Towers has satisfied subsections (1) and (2) of Florida Rule 4-1.7(a).

### III.    Discussion

Before turning to the substance of the Motion, the Court must address Ryan's argument that Jet Evolution lacks standing to seek disqualification of his chosen counsel. See Response at 7.  In making this argument, Ryan appears to rely on Anderson Trucking Serv., Inc. v. Gibson, 884 So.2d 1046 (Fla. App. 5th Dist. 2004).  See Response at 4, 7. However, this decision does not support the conclusion that Jet Evolution has no standing to challenge Rogers Towers' concurrent representation of Ryan and Laurie Jenkins.  In Anderson, the court ultimately concluded that the plaintiff had no standing to challenge the representation of two defendants by an attorney who had previously represented both those two defendants and a third defendant.  See Anderson 884 So.2d at 1048.  However, in doing so, the court fully acknowledged that pursuant to the Florida Rules, "under certain circumstances someone other than the client may request disqualification."  Id. at 1050. Indeed, the Comment to Florida Rule 4-1.7 supports the conclusion that in appropriate circumstances opposing counsel may bring a potential conflict of interest to the attention of the Court.  See Comment to Florida Rule 4-1.7.  It states, "where the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question."  Id.  Moreover, the Eleventh Circuit Court of Appeals has specifically concluded that an attorney has standing to challenge his opposing counsel's continued representation of a particular client based upon an alleged conflict of interest.  See United States v. Gopman, 531 F.2d 262 at 265-66 (5th Cir. 1976).[3]  The court stated, "[w]hen

---

[3]        In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), this Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

an attorney discovers a possible ethical violation concerning a matter before a court, he is not only authorized but is in fact obligated to bring the problem to that court's attention." Id. at 265.

In the instant case, Jet Evolution has alleged that Rogers Towers is violating the Florida Rules through its concurrent representation of both Ryan and Laurie Jenkins. While Jet Evolution is not a current or former client of Rogers Towers, its allegations, if accurate, could call into question the fair and efficient administration of justice. This Court has both "the power and responsibility to regulate the conduct of attorneys who practice before it." Florida Ins. Guar. Ass'n, Inc. v. Carey Canada, Inc., 749 F.Supp 255, 258 (1990) (citing United States v. Kitchin, 592 F.2d 900, 903 (5th Cir. 1979)). Thus, the undersigned concludes that Jet Evolution has standing to bring this matter before the Court and to seek disqualification if a conflict in violation of the Florida Rules is found to exist.[4]

Turning now to the substance of the Motion, Jet Evolution argues that a conflict of interest exists for two reasons. See Motion at 3. First, Jet Evolution contends that Rogers Towers should be disqualified because Laurie Jenkins will reveal information to her attorney that is covered by the marital privilege; and second, it suggests that a successful result for

---

[4] Although the Court finds that Jet Evolution has standing to raise this issue based on the allegations in the Motion, the undersigned notes that a review of the docket reflects that counsel for Ryan and Jet Evolution simply do not get along. See Notice by Anthony Ryan of Objections to Authority to File Electronically (Doc. No. 77); Defendant Anthony Ryan's Motion for Order of Contempt Against Non-Party Jet Evolution, Inc. and Supporting Memorandum of Law (Doc. No. 62); Jet Evolution's Response Opposing Anthony Ryan's Motion for Contempt Against Non-Party Jet Evolution, Inc. (Doc. No. 76). Indeed, it is Jet Evolution and not Laurie Jenkins nor Ryan who are seeking to disqualify Rogers Towers. As discussed supra, an opposing party may move to disqualify opposing counsel, but "[s]uch an objection should be viewed with caution . . . for it can be misused as a technique for harassment." Comment to Florida Rule 4-1.7

Ryan will reduce Laurie Jenkins' marital estate.  See id.  The Court will address each argument in turn.

The undersigned is not persuaded by Jet Evolution's suggestion that the marital communications privilege requires disqualification of Rogers Towers.  State law governs the applicability of privileges when a case is filed in federal court based on diversity jurisdiction.  See Fed.R.Evid. 501.  As this matter is before the Court on the basis of diversity, Florida law governs the application of the marital communications privilege.  See Complaint (Doc. No. 1).  The Florida Rules of Evidence provide that "[a] spouse has a privilege during and after the marital relationship to refuse to disclose, and to prevent another from disclosing, communications which were intended to be made in confidence between the spouses while they were husband and wife."  Fla. Stat. § 90.504(1) (2005).  This privilege, which may be invoked by either spouse, prohibits a husband or wife from providing testimony regarding information obtained during or by reason of the marriage.[5]  See Fla. Stat. § 90.504(2) (2005).  See also United States v. Singleton, 260 F.3d 1295, 1298 n.2 (11th Cir. 2001) (per curiam).

It appears Jet Evolution is concerned that Laurie Jenkins will reveal to her attorney privileged communications, work product, and trial strategy about the instant case which she learned through Justin Jenkins, thus disadvantaging Jet Evolution.  See Motion at 3.  As Jet Evolution correctly points out, the existence of an attorney-client relationship raises an irrefutable presumption that Laurie Jenkins has disclosed confidences to her attorney.  See State Farm, 575 So.2d at 633-34.  Although there is a presumption that Laurie Jenkins has

---

[5]      Notably, the privilege does not apply in any proceeding "brought by or on behalf of one spouse against the other spouse."  Fla. Stat. § 90.504(3) (2005).

shared confidences with her attorney, Jet Evolution has not shown that these confidences could be used to the detriment of either Laurie Jenkins or Ryan.  Instead, it suggests that the confidences could harm Jet Evolution.  However, when determining whether a potentially disqualifying conflict of interest exists, the Court is concerned with the interests of Ryan and Laurie Jenkins, the two clients concurrently represented by Rogers Towers.

Despite Jet Evolution's suggestion, potential harm to Jet Evolution cannot be imputed to Laurie Jenkins based on the existence of the marital communications privilege.  The marital communications privilege is simply a testimonial privilege.  Jet Evolution has provided no support for the proposition that this privilege broadens the definition of the word "client" in Florida Rule 4-1.7(a) to include a wholly independent corporate entity simply because the client's spouse is the principal of that entity.

Moreover, discovery is closed in this matter, see Order (Doc. No. 52), Justin Jenkins was deposed long ago, and Rogers Towers has stated that it does not intend to call Laurie Jenkins as a witness or attempt to compel her testimony regarding confidential marital communications.  See Response Exh. A.  If Laurie Jenkins does take the stand, Justin Jenkins retains the right to invoke the marital communications privilege and prevent her from providing any testimony that is protected by that privilege.  However, this right does not create a conflict of interest with regard to Rogers Towers' ongoing representation of Laurie Jenkins and Ryan.  Accordingly, the undersigned is not persuaded that the marital communications privilege requires disqualification of Rogers Towers in this action.

Next, Jet Evolution argues that a conflict of interest exists because "any success in the claims brought by Ryan in this case would reduce the marital estate and potential

-10-

financial opportunities of Laurie [Jenkins]." Motion at 3.  In its response, Rogers Towers does not address this argument, however, it does contend that Laurie Jenkins' divorce proceeding will not impact Ryan's case.  See Response at 2-3.  Although, as Rogers Towers suggests, Laurie Jenkins' divorce likely will not impact the instant case, it does appear that the resolution of the instant case could adversely impact the outcome of Laurie Jenkins' divorce proceeding.  Laurie Jenkins has claimed a fifty percent interest in Jet Evolution as a marital asset.  See Motion Exh. C.  If Ryan is successful in his claim against Jet Evolution, he will diminish the value of Jet Evolution and thereby the value of Laurie Jenkins' claimed interest.  However, Laurie Jenkins is merely seeking a divorce and a determination of her share of the marital assets whatever they may be.  Neither Jet Evolution nor Justin Jenkins has suggested that either Laurie Jenkins or Ryan are making any claims against one another or that either has any involvement relating to the facts of the other's case.  Thus, there does not appear to be a direct conflict between the two.  Nonetheless, the fact that a successful prosecution of Ryan's claims may ultimately diminish Laurie Jenkins' share of the marital estate supports a conclusion that the interests of Ryan and Laurie Jenkins are adverse to one another.  This conclusion, however, does not require a disqualification of Rogers Towers.

Florida Rule 4-1.7(a) provides that a lawyer may represent a client even though that representation will be adverse to the interests of another client if:

(1) the lawyer reasonably believes the representation will not adversely affect the lawyer's responsibilities to and relationship with the other client; and

(2) each client consents after consultation.

-11-

Florida Rule 4-1.7(a).  Rogers Towers contends that it has satisfied the requirements of this Rule and should be permitted to continue in its representation of both Ryan and Laurie Jenkins.  <u>See</u> Response at 5.  In support of this allegation, Rogers Towers has submitted the affidavit of René Fix.  <u>See</u> Response Exh. A.  In determining whether Rogers Towers has met its burden, the Court is permitted to rely on the "uncontroverted affidavit" filed by René Fix on behalf of Rogers Towers.  <u>See</u> <u>General Cigar</u>, 144 F.Supp.2d at 1338.

To satisfy subsection (1) of Florida Rule 4-1.7(a), Rogers Towers must show that its belief that its simultaneous representation of Laurie Jenkins and Ryan will not adversely affect its responsibilities to each client is reasonable.  <u>See</u> Florida Rule 4-1.7(a)(1).  In René Fix's affidavit, he states that Ryan's attorneys and Laurie Jenkins' attorney "do not believe that their continued representation will adversely impact either client."  <u>See</u> Response Exh. A.  In support, he states that all discovery in Ryan's case has ended, that Laurie Jenkins is not a witness in that case, and she will not be called to testify in Ryan's case.  <u>See</u> <u>id.</u>[6] Further, the Court notes that Ryan's case will not affect whether Laurie Jenkins will receive her divorce or the share of the marital estate which she is awarded.  While the outcome of Ryan's claim against Jet Evolution may impact the amount Laurie Jenkins ultimately receives based upon her share of the marital estate, that impact will be the same regardless of whether Rogers Towers or another law firm represents Ryan in his claim against Jet Evolution.

---

[6] Rogers Towers also argues that the lawyers dealing with Ryan's case were not and will not be involved in Laurie Jenkins' case and vice-versa.  <u>See</u> Response at 3.  However, this argument lacks merit because pursuant to Florida Rule 4-1.10 any disqualifying conflict is imputed to the entire firm regardless of safeguards the firm may have in place.

No party to this action has suggested that there are any facts or legal issues common to the two cases.  Nor has any party suggested that if there were such common facts or issues, Ryan and Laurie Jenkins have taken adverse positions.  Thus, it appears that a reasonable attorney could find that the simultaneous representation of both Ryan and Laurie Jenkins will not affect his or her responsibilities to either client.  Accordingly, the undersigned finds that Rogers Towers has satisfied the requirements of Florida Rule 4-1.7(a).

Next, to satisfy subsection (2), Rogers Towers must establish that it has obtained each client's informed consent to its continued representation.  See Florida Rule 4-1.7(a)(2).  In his affidavit, Mr. Fix states that "[u]pon discovering that Rogers Towers agreed to represent Laurie Jenkins, the firm obtained conflict waivers from both Mr. Ryan and Mrs. Jenkins."  Response Exh. A.  He further adds that these waivers were obtained after Ryan and Laurie Jenkins were fully informed.  Id.  Moreover, in her letter to Justin Jenkins' divorce attorney, Sandra Mathis, the Rogers Towers attorney representing Laurie Jenkins, stated that she had explained the issue of disqualification to Laurie Jenkins.  See Response Exh. B.  Because the assurances made by Mr. Fix were given under oath and submitted to the Court, the Court is satisfied that Rogers Towers fully informed Ryan and Laurie Jenkins of the potential conflicts of interest before obtaining each of their waivers.  Based on these representations and in the absence of any evidence to the contrary, the undersigned finds that Rogers Towers has satisfied the second prong of Florida Rule 4-1.7(a).  Accordingly, it appears that Rogers Towers has met the requirements of Florida Rule 4-1.7(a).

Nevertheless, Jet Evolution appears to suggest that Rogers Towers must be disqualified to avoid the appearance of impropriety.  See Motion at 4.  However, Jet

Evolution does not present any arguments in support of this contention.  The Court has independently reviewed the circumstances surrounding Rogers Towers concurrent representation of Ryan and Laurie Jenkins.  The undersigned notes that, as discussed supra, Ryan and Laurie Jenkins have consented to Rogers Towers representation.  Moreover, their interests are not so directly adverse to one another so as to warrant disqualification of Rogers Towers in order to avoid an appearance of impropriety.

In reaching this conclusion, the undersigned is fully cognizant that, as a general rule, a client has the right to counsel of his or her choice.  See Anderson, 884 So.2d. at 1046.  As a result, disqualification of a party's chosen counsel is considered an extraordinary remedy which should be imposed sparingly.  See Hilton, 1994 WL 776971 at *2.  The hesitation to disqualify a party's chosen counsel is based on the wide range of interests implicated by such a decision.  See Anderson 884 So. 2d. at 1049.

> Disqualification may impose extreme hardships on the client because this very valuable right is taken away.  Time and effort must be expended to find a suitable replacement and, when one is found, the client may suffer financial hardship in attempting to retain the substitute.  Moreover, disqualification may unalterably damage the relationship and confidences developed between attorney and client. . . . [A]ttorney's are not fungible items that can be removed and conveniently replaced without causing undue hardship to the client and to the attorney.

Id.  The undersigned has carefully considered the conflicts which Jet Evolution alleges arise from the simultaneous representation by Rogers Towers of Ryan and Laurie Jenkins.  While the Court concludes that the representation of Ryan may well be to some extent adverse to Laurie Jenkins, this does not appear to be a direct conflict of a nature requiring disqualification.  Moreover, the law firm of Rogers Towers has established that it has

-14-

complied with the requirements of Florida Rule 4-1.7.  Accordingly, disqualification of Rogers Towers is not warranted, and the Motion should be denied.

<u>**RECOMMENDATION**</u>

Based on the foregoing, it is recommended that Counterclaim Defendant Jet Evolution, Inc.'s Motion for Disqualification of Rogers Towers, P.A. (With Incorporated Memorandum of Law) (Doc. No. 89) be **DENIED**.

**ENTERED** at Jacksonville, Florida, this 9th day of December, 2005.

MARCIA MORALES HOWARD
United States Magistrate Judge

lc2

Copies to:

The Honorable Henry Lee Adams, Jr.
United States District Judge

Counsel of Record

-15-